IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MAURICE JOHN GATES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 08-3293-CV-S-ODS ) |
| CITY OF LEBANON, et al., | ) ) |
| Defendants. | ) |

ORDER AND OPINION GRANTING IN PART, DENYING IN PART, AND DEFERRING
IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS

Pending is Defendants' partial motion to dismiss, which seeks dismissal of Counts IV and V of the First Amended Complaint[1] or, alternatively, the corresponding requests for injunctive relief. The motion (Doc. # 45) is granted in part, denied in part, and deferred in part.

I. BACKGROUND

The background to Plaintiff's claims was detailed in the Court's October 22, 2008, Order, and a summary will suffice here. Plaintiff was a police officer for the City of Lebanon, Missouri ("the City"), from June 2002 until October 2007. His suit is based on two separate administrative complaints filed with the Missouri Human Rights Commission ("MHRC") and the EEOC. The first charge alleged violations of the Missouri Human Rights Act ("MHRA"), the Family and Medical Leave Act ("FMLA"), and the Americans with Disabilities Act ("ADA"). The second charge alleged he was

---

[1] On May 5, 2009, the Court granted Plaintiff's Motion for Leave to Amend Complaint and gave Plaintiff "ten business days to electronically file the Amended Complaint attached as an Exhibit to his Motion." To date, Plaintiff has not complied with the Court's directive. Nonetheless, the Court will treat the Amended Complaint filed because the parties do not seem hampered by Plaintiff's failure to obey the Court's direction.

terminated in retaliation for filing the first charge. These charges form the basis for Counts I - III of the First Amended Complaint and, in light of the Court's October 22 ruling, the only defendant on these counts is the City.

Count IV asserts the City and the individual defendants violated Plaintiff's right to counsel by insisting that he attend meetings and administrative hearings without his attorney. When Plaintiff declined to appear without his attorney, those meetings and hearings were canceled. Count V alleges violations of Plaintiff's Due Process rights (and similar rights guaranteed by the Missouri Constitution) by virtue of Defendants' failures to follow City policies and the termination of Plaintiff's employment without a hearing. In addition to monetary relief, Counts IV and V seek injunctive relief to prevent Defendants "from ever again acting to deprive [Plaintiff] or any other individual" of their constitutional rights. Defendants seek dismissal of Counts IV and V; barring that, Defendants seek dismissal of the requests for injunctive relief.

## II. DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume

2

their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## A. Count IV

Defendants do not attack the legal basis for this claim – which is curious, because it appears the claim is not viable. The Fourteenth Amendment incorporates the Sixth Amendment, and does not create rights greater than those bestowed by the Sixth. "[T]he Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." Scott v. Illiniois, 440 U.S. 367, 374-75 (1979). Generally speaking, there is no constitutional right to counsel in civil matters. E.g., Taylor v. Dickel, 293 F.3d 427, 431 (8th Cir. 2002); see also Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 24 (1st Cir. 2005). There being no Fourteenth Amendment right to counsel, it would seem none of the Defendants can be liable.

The Court is reluctant to dismiss a claim on grounds not raised by the parties. Accordingly, Plaintiff shall have twenty days to respond to the Court's concerns. Defendants need not file anything further unless requested by the Court.

## B. Count V

A procedural due process claim has three elements: (1) the plaintiff has a life, liberty, or property interest protected by the Fourteenth Amendment, (2) the plaintiff was deprived of this interest, and (3) the governmental entity did not afford adequate procedural rights prior to the deprivation. Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999), cert. denied, 529 U.S. 1020 (2000) (cited with approval in Vaughn v. Ruoff, 304 F.3d 793, 796 (8th Cir. 2002)). Defendants do not contend Plaintiff has failed to adequately allege this claim, but rather that he has failed to adequately allege any of the individual defendants can be liable. The individual Defendants attribute the termination

3

decision to the City and disclaim any personal responsibility for Plaintiff's termination. This argument relies heavily on the Court's prior ruling involving the individuals, but the transition to this context is inapt.  The Court previously held that administrative complaints that mentioned the actions of individuals could not be construed as charging any of them when none of them had been specifically identified as respondents.  Here, Plaintiff has specifically named the individuals as defendants.  While Plaintiff has not provided extensive detail about each individual's involvement in the decision, he has satisfied Iqbal's requirement of presenting facts that demonstrate he is plausibly entitled to relief.  First Amended Complaint, ¶¶ 48, 50, 52, 103-05.  Whether he can prove liability is another matter; however, he has satisfied the requirements of Rule 8.

## C.  Injunctive Relief

"Standing to seek injunctive relief requires a plaintiff, *inter alia*, to show a likelihood of future injury."  Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007).  Plaintiff must plead sufficient facts to demonstrate he has standing to seek injunctive relief.  See Smook v. Minnehaha County, 457 F.3d 806, 816 (8th Cir. 2006), cert. denied, 549 U.S. 1317 (2007).  Plaintiff alleges he was terminated – demonstrating no likelihood of being injured in the manner described in Count V.

Plaintiff suggests the request for injunctive relief is supported by his claims under the ADA and FMLA.  Those statutes justify the request for injunctive relief on Counts I - III, but not on Counts IV and V.  Moreover, Counts I - III already contain requests for injunctive relief, so adding requests in Counts IV and V does not facilitate those counts.

The Court also rejects Plaintiff's suggestion that the request should remain because his claim is viable.  Standing is a jurisdictional requirement, Meuir, 487 F.3d at 1119-20, and Plaintiff is not entitled to persist in seeking relief for which the Court lacks jurisdiction.

## III.  CONCLUSION

Defendants' Motion to Dismiss is granted in part, denied in part, and deferred in part.  Count V is not dismissed, but the request for injunctive relief is dismissed.  The Court will defer consideration of Count IV until Plaintiff responds to the Court's concerns as outlined earlier.

IT IS SO ORDERED.

DATE: August 4, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT