IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MAURICE JOHN GATES,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)　　　Case No. 08-3293-CV-S-ODS
　　　　　　　　　　　　　　　　　)
CITY OF LEBANON, et al.,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　)

ORDER AND OPINION DISMISSING COUNT IV

On August 4, 2009, the Court granted in part, denied in part, and deferred in part Defendants' Motion to Dismiss Counts IV and V. Count IV asserts the Defendants violated Plaintiff's right to counsel. Count V asserts a procedural due process claim. The Court declined to dismiss Count V but dismissed the request for injunctive relief. The Court deferred consideration of Count IV and directed Plaintiff to provide additional briefing. Plaintiff has complied and the Court has reviewed his submission. Having done so, the Court now dismisses Count IV.

Count IV alleges Plaintiff retained counsel prior to the commencement of administrative hearings. Plaintiff was summoned to a meeting (not a hearing) on July 31, 2007, but when Plaintiff insisted on having his attorney present the meeting was canceled. Plaintiff was also asked to attend a "pre-disciplinary hearing" on August 6, 2007, but this event was also canceled when Plaintiff insisted on being accompanied by counsel. Plaintiff alleges these actions violated his Fourteenth Amendment right to counsel.

The Fourteenth Amendment incorporates the Sixth Amendment, and does not create rights greater than those bestowed by the Sixth. "[T]he Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." Scott v. Illiniois, 440 U.S. 367, 374-75 (1979). Generally speaking, there is no constitutional right to counsel in

civil matters.  E.g., Taylor v. Dickel, 293 F.3d 427, 431 (8th Cir. 2002); see also Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 24 (1st Cir. 2005).

Plaintiff's supplemental response rely on cases that fall into two different categories.  The first is instances discussing whether a hearing is required.  For instance, in Goldberg v. Kelley, the Supreme Court determined that a hearing was required before a person's right to receive benefits under the Aid to Families with Dependent Children program was terminated.  This requirement was dictated by the Due Process Clause, not on any right to counsel.  397 U.S. 254, 261-63 (1970).  The other pattern followed by Plaintiff's cases arise when a hearing is called for in a civil context, and a party is denied the opportunity to bring or consult with an attorney he or she retained.  E.g., Mosley v. St. Louis Southwestern Ry., 634 F.2d 942, 944-45 (5th Cir.), cert. denied, 452 U.S. 906 (1981); Potashnick v. Port City Const. Co., 609 F.2d 1101, 1117-18 (5th Cir.), cert. denied, 449 U.S. 820 (1980);   Even in these situations, the right at issue is one of due process, not right to counsel.  Mosley, 634 F.2d at 945 ("The right to the advice and assistance of retained counsel in civil litigation is implicit in the concept of due process . . . ."); Potashnick, 609 F.2d at 1118 ("A civil litigant's right to retain counsel is rooted in . . . notions of due process . . . .").

Plaintiff does not allege that a hearing was held and he was not allowed to bring his attorney, so his claim does not fit within the second category.  Even if it did, his claim would be one alleging a denial of due process – and this claim is already asserted in Count V, so nothing would be added by Count IV.  Plaintiff's claim may be that a hearing was not held, but again this issue is fairly raised in Count V.  There is no "right to counsel" that prevents cancellation of a hearing separate and apart from the due process requirements that a hearing be held.  To the extent Count IV has any viability, it is subsumed within Count V.

For these reasons, Count IV is dismissed for failure to state a claim.
IT IS SO ORDERED.

DATE: August 28, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT